UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON ROBERT WYLIE et al.,                    Bankruptcy Case No. 20-49216

    Appellants.

                                                  Civil Action No. 23-cv-10952
v.                                        HON. MARK A. GOLDSMITH

TIMOTHY MILLER,

    Appellee.
_____/

**OPINION & ORDER
REVERSING THE BANKRUPTCY COURT'S DECISION AND REMANDING FOR
ENTRY OF A DISCHARGE**

This matter is before the Court on Appellants/Debtors Jason and Leah Wylie's appeal from an order issued by the United States Bankruptcy Court for the Eastern District of Michigan denying each of the Debtors a discharge pursuant to 11 U.S.C. § 727(a)(2)(B). In re Wylie, 649 B.R. 852, 856 (Bankr. E.D. Mich. 2023). For the following reasons, the Court reverses the bankruptcy court's decision and remands the matter for entry of a discharge.[1]

**I. BACKGROUND**

Jason and Leah Wylie, a married couple, filed a joint Chapter 7 bankruptcy petition on August 27, 2020. In re Wylie, 649 B.R. at 856. Timothy Miller, Chapter 7 Trustee, filed an adversary proceeding seeking to deny both Debtors a discharge under §§ 727(a)(2)(A), 727(a)(2)(B), and 727(a)(4)(A). Id. The bankruptcy court conducted a bench trial and ultimately denied both Debtors a discharge under § 727(a)(2)(B). Id. at 881. Section 727(a) reads as follows:

---

[1] Because oral argument will not aid the Court's decisional process, the matter will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). The briefing includes the Wylies' brief (Dkt. 4), the Trustee's brief (Dkt. 8), and the Wylies' reply (Dkt. 9).

1

> (a) The court shall grant the debtor a discharge, unless—
> (1) the debtor is not an individual;
> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—
> (A) property of the debtor, within one year before the date of the filing of the petition; or
> (B) property of the estate, after the date of the filing of the petition.

11 U.S.C. § 727(a). The bankruptcy court found that the Wylies transferred property of the estate with the intent to hinder the Trustee after the filing of the petition. In re Wylie, 649 B.R at 877–881.

The Trustee's § 727(a)(2)(A) and (B) objections related to the Wylies' 2018 and 2019 tax returns.[2] In their 2018 state and federal tax returns, filed five months before their bankruptcy petition, the Wylies elected to apply their $39,273 tax overpayment to their tax liabilities for the following year. In re Wylie, 649 B.R. at 857. The Trustee argued that, by doing so, the Wylies transferred property to their tax creditors (the IRS and the State of Michigan) within one year of filing their bankruptcy petition and should be denied a discharge under § 727(a)(2)(A). Id. The Wylies made the same election in their 2019 tax returns—which they filed two weeks after filing their bankruptcy petition—choosing to apply their $20,736 tax overpayment to their 2020 tax liabilities. Id. at 857–858. As to this return, the Trustee argued that the Wylies transferred property of the estate to their tax creditors post-petition and should be denied a discharge under § 727(a)(2)(B). Id.

With respect to their 2018 tax return, the bankruptcy court found that the Wylies did not intend to hinder the Trustee when electing to apply their tax overpayment to their tax liability for

---

[2] The Trustee's § 727(a)(4)(A) objection had to do with allegedly false oaths made by the Wylies in their bankruptcy schedules. See Wylie, 649 B.R. at 873–877. The bankruptcy court found that the Wylies did make false oaths, but did not do so with the requisite fraudulent intent. Id. The bankruptcy court denied the Trustee's objection to discharge on this ground. Id.

2

the subsequent year. Id. at 873. The bankruptcy court explained that the Wylies' intent "was not to hinder, delay, or defraud creditors, but rather merely to prefer the two tax creditors over their other creditors." Id. With respect to the Wylies' 2019 tax return, however, the bankruptcy court found that the Wylies made the election with an intent to hinder the Trustee. Id. at 878–879. The court denied the Wylies a discharge under § 727(b)(2)(B). Id. at 878–881.

On appeal, the Wylies contend that the bankruptcy court erred in determining that they made the 2019 tax overpayment election with the intent to hinder the Trustee. Wylie Br. at 7. This Court agrees.

## II. ANALYSIS

The district court sits as an appellate court for the decisions of the bankruptcy court. 28 U.S.C. § 158. When a bankruptcy court decision is appealed to the district court, the bankruptcy court's findings of fact are reviewed under a clearly erroneous standard, and its legal conclusions are reviewed de novo. B-Line, LLC v. Wingerter (In re Wingerter), 594 F.3d 931, 935–936 (6th Cir. 2010). "A factual finding will only be clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." In re Hartman, 23 F. App'x 225, 226–227 (6th Cir. 2001) (punctuation modified). The Wylies argue that the bankruptcy court's finding of intent is a legal conclusion, see Wylie Br. at 8, while the Trustee argues that it is a finding of fact, see Tr. Br. at PageID.900. The Trustee is correct.

Courts have consistently held that a bankruptcy court's finding of a debtor's requisite intent is a question of fact reviewed for clear error. See, e.g., In re Miller, 39 F.3d 301, 307 (11th Cir. 1994) ("[T]he bankruptcy court's determination of whether a debtor acted with the requisite intent is a question of fact reviewed for clear error by the district and appellate courts."); In re Searles,

3

317 B.R. 368, 379 (9th Cir. BAP 2004), aff'd, 212 F. App'x 589 (9th Cir. 2006) ("Whether a debtor harbors intent to hinder, or to delay, or to defraud the trustee or a creditor is a question of fact that requires the trier of fact to delve into the mind of the debtor and may be inferred from surrounding circumstances.") (punctuation modified); In re First Nat'l Acceptance Co., 245 B.R. 514, 518 (E.D. Mich. 2000) (applying a clearly erroneous standard to a bankruptcy court's finding that debtors did not have the requisite intent). Therefore, the Court reviews the bankruptcy court's finding of intent to hinder for clear error.

"To prevail under [§] 727(a)(2)(B), the party objecting to discharge must demonstrate: (1) that the debtor, (2) transferred or concealed, (3) property of the bankruptcy estate, (4) with the intent to hinder, delay or defraud the creditor [or officer of the estate], (5) after the filing of the bankruptcy petition." In re Pisculli, 426 B.R. 52, 59 (E.D.N.Y. 2010), aff'd, 408 F. App'x 477 (2d Cir. 2011) (punctuation modified). Here, the only issue on appeal is the fourth required element, intent. The bankruptcy court found that the Wylies acted with an intent to hinder—not an intent to delay or defraud. In re Wylie, 649 B.R. at 878. Acting with an intent to hinder is sufficient under § 727(a)(2)(B) because the phrase "intent to hinder, delay, or defraud" is disjunctive; "proof of any one is sufficient." In re Kerr, No. 15-30531, 2017 WL 3880875, at *14 (Bankr. N.D. Ohio Aug. 30, 2017). The bankruptcy court erred, however, because it did not adequately support its finding.

The only evidence cited by the bankruptcy court for why it found that the Wylies intended to hinder the trustee was the Wylies' trial testimony. See In re Wylie, 649 B.R. at 879 ("The Court finds that the Debtors did intend to hinder the Trustee in making their 2019 Tax Refund Transfers. This is shown by the testimony of the Debtors themselves.") (emphasis in original). At trial, the Wylies testified that their purpose in applying their 2019 tax overpayment to their 2020 tax liability

4

was to make sure that their 2020 taxes would be paid. Id. As the bankruptcy court put it, "the Debtors wanted to insure (sic) that their taxing authority creditors were paid in full, for 2020 taxes, in preference to their other creditors . . . ." Id. From this, the bankruptcy court inferred an intent to hinder the trustee. Id. According to the bankruptcy court, "[i]n the post-petition context, the Debtors making a transfer of estate property with this purpose is wholly inconsistent with the duties of the Chapter 7 Trustee. This means that in substance, the Debtors had, at minimum, an intent to hinder the trustee." Id. (emphasis in original).

The Wylies gave an identical explanation for why they made the same election the year before, prior to declaring bankruptcy. Id. The bankruptcy court found that "[b]ased on the evidence . . . all of which the Court finds credible, the Court finds that the Debtors' only intent in making their 2018 tax refund elections was to try to make sure that their taxing authority creditors would be paid in full for the 2019 taxes." Id. The bankruptcy court went on to explain, however, that "[t]he Debtors' intent in taking this action was not to hinder, delay, or defraud creditors, but rather merely to prefer the two tax creditors over their other creditors." Id.

The bankruptcy court did not explain why its conclusion regarding intent was different in the post-petition context. The bankruptcy court offered a detailed explanation for how the Wylies' 2019 election could have hindered the Trustee, id. at 878–879, but it did not find that the Wylies were aware of this potential effect.[3] In fact, the bankruptcy court even assumed "that the Debtors were not intimately familiar with the foregoing legal principles about bankruptcy distributions and priorities . . . ." Id. at 880. The bankruptcy court noted that the Wylies' attorney was "no doubt"

---

[3] Notably, the bankruptcy court found that the Trustee was not in fact hindered by the Wylies' 2019 tax election. "For this fortuitous combination of reasons, although the Trustee potentially might have been hindered and delayed by the Debtors' 2019 Tax Refund Transfers, in reality the Trustee was not actually hindered or delayed." In re Wylie, 649 B.R at 879 (emphasis in original).

5

familiar with the legal principles of bankruptcy, id. at 880, but this finding has no bearing on the Wylies' familiarity or intent. As the Wylies point out, the bankruptcy court cited no evidence that the Wylies discussed their tax election with their attorney. See Wylie Br. at 16.

The Trustee argues that "[i]n this case, the general chronology of events and the cumulative effect of the transactions and overall course of conduct more than adequately support the Bankruptcy Court's factual conclusion that Debtors intended to hinder and delay the Trustee . . . . The deferral of the tax refunds was the final piece of a pattern of conduct outlined above to divest Debtors' assets and keep those assets from the reach of the Trustee." Trustee Br. at 11–12. This appears to be an argument that certain "badges of fraud" justified the bankruptcy court's decision.[4] But the bankruptcy court considered and rejected this argument in its opinion. "In support of the intent element . . . the Trustee argues that several 'badges of fraud,' and other circumstances, show that the Debtors had fraudulent intent . . . . In this adversary proceeding, the [bankruptcy court] finds it unnecessary to resolve the disputes between the parties about these things. The [bankruptcy court] does not find these allegations by the Trustee persuasive or very relevant in this particular case, which concerns only tax refunds." In re Wylie, 649 B.R. at 873 n.67. This Court agrees that the Trustee's argument regarding "badges of fraud" is not relevant, especially where the bankruptcy court found an intent to hinder, not defraud, the Trustee. The Trustee did not offer any other meaningful argument to support the bankruptcy court's finding of intent to hinder.

---

[4] Courts sometimes consider certain "badges of fraud" when assessing fraudulent intent under § 727, including "(i) the lack of adequate consideration for the transfer; (ii) the family, friendship, or close relationship between the parties; (iii) the retention of possession, benefit, or use of the property in question by the debtor; (iv) the financial condition of the party sought to be charged prior to and after the transaction in question; (v) the conveyance of all of the debtor's property; (vi) the secrecy of the conveyance; (vii) the existence or cumulative effect of a pattern or series of transactions or course of conduct after incurring of debt, onset of financial difficulties, or pendency or threat of suit by creditors; and (viii) the general chronology of events and transactions under inquiry." See, e.g., Wylie, 649 B.R. 852 at 862 (collecting cases).

In sum, the bankruptcy court pointed to no evidence that the Wylies intended to hinder the Trustee—or were even aware that their actions might have that effect. Yet the bankruptcy court still found that "the Debtors' actual subjective intent . . . was, in substance, an intent to 'hinder' the Trustee" and denied the Wylies a discharge. In re Wylie, 649 B.R. at 880. This explanation is not enough to bar a discharge. As the bankruptcy court correctly noted, "[e]xceptions to discharge are narrowly construed in furtherance of the Bankruptcy Code's fresh start policy." Id. at 859 (citing In re McCarthy, 488 B.R. 814, 825 (1st Cir. BAP 2013)). Courts have repeatedly held that a total bar to discharge is an "extreme step" and that § 727 is to be "construed liberally in favor of the debtor." See Rosen v. Bezner, 996 F.2d 1527, 1531 (3d Cir. 1993) (collecting cases).

For these reasons, this Court is left with the "definite and firm conviction" that the bankruptcy court erred in finding that the debtors intended to hinder the trustee. See In re Hartman, 23 F. App'x at 226–227. The Court, therefore, reverses the bankruptcy court's decision and remands the matter for entry of a discharge.

## IV.  CONCLUSION

For the reasons stated above, the Court reverses the bankruptcy court's decision denying the Wylies a discharge under § 727(a)(2)(B) and remands the matter for entry of a discharge.

SO ORDERED.

Dated: March 29, 2024         s/Mark A. Goldsmith
       Detroit, Michigan      MARK A. GOLDSMITH
                              United States District Judge